IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PATRICIA PERRY, | * |
|    Plaintiff, | * |
| |    Civil Action No. 8:24-cv-1292-PX |
| v. | * |
| NEWREZ LLC, | * |
|    Defendant. | |
| | * |

***

## MEMORANDUM ORDER

Pending are Plaintiff Patricia Perry ("Perry")'s motions to remand, for summary judgment in her favor, and to strike an affidavit. ECF Nos. 6, 11, & 16. Perry has also moved to withdraw her remand motion. ECF No. 18. Because diversity jurisdiction exists between Perry and Defendant Newrez, LLC ("Newrez"), the motion to remand is DENIED, and the motion to withdraw remand is DENIED as moot. Because Plaintiff's motion for summary judgment is premature, it too is DENIED. The motion to strike Defendant's affidavit is similarly DENIED, because the affidavit was properly submitted.

According to the Complaint, on May 14, 2009, Perry executed a "$229,600.00 promissory note and deed of trust to secure a loan from Bank of America" to refinance her mortgage on her property in Fort Washington, Maryland. ECF No. 2 ¶ 5. Subsequently, the security interest in the loan was transferred to Green Tree Servicing, LLC, and the loan agreement was modified to set Perry's monthly principal and interest payments at $1,065.23 with a new principal balance of $232,771.03. *Id.* ¶ 6–7. Then on August 8, 2016, the security interest in the loan was transferred to MTGLQ Investors, whom Perry alleges was a subsidiary of Newrez.[1] *Id.* ¶ 8–9.

---

[1] Perry refers to Newrez as "Shellpoint" throughout the Complaint, which is Newrez's trade name. *See* ECF No. 1 at 1 n.1.

On August 28, 2018, Newrez offered Perry a loan modification agreement that included a new "money cap" of $57,046.26 and a new principal unpaid balance of $287,701.71. *Id.* ¶ 11. The modified agreement also set Perry's monthly principal and interest payment at $1,364.22. ECF No. 2-8 at 3.

Now Perry wishes not to be bound by the 2018 loan modification agreement, so she filed suit in Prince George's County Circuit Court against Newrez, asserting that the modification is either void because her signature is forged, or alternatively, that she rejected the agreement. ECF No. 2 ¶¶ 13 & 16. As per Perry, "she never appeared before a Notary Public to sign the Modification Agreement," and the 2018 loan modification could not have taken effect because she did not fulfill the necessary precondition of making payment during the trial period. *Id*.

Newrez noted timely removal to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. §1332, and answered the Complaint. ECF Nos. 1 & 8. Perry timely moved to remand the action, but before the Court could rule on her motion, she asked to withdraw it. ECF Nos. 6 & 18. Perry also moves for summary judgment in her favor, and to strike Defendant's affidavit filed in response to her motion for summary judgment. ECF Nos. 11 & 16.

Although Perry seeks withdrawal of her remand motion, the Court nonetheless explains why it retains jurisdiction in this action. This Court, as one of limited jurisdiction, may hear only those civil cases that give rise to a federal question or are brought pursuant to the Court's diversity jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). A removing defendant bears the burden of "demonstrating the court's jurisdiction over the matter" by preponderant evidence. *Strawn v. AT&T Mobility*

2

*LLC*, 530 F.3d 293, 296 (4th Cir. 2008); *see also Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).  The Court must construe its own jurisdiction narrowly, resolving any doubts in favor of remand.  *Mulcahey*, 29 F.3d at 151; *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

The parties agree that they are citizens of different states.  *See* ECF No. 6 ¶ 2.  Perry, however, disputed initially whether the amount-in-controversy exceeds $75,000.  Thus, the Court focuses on that prong of the jurisdictional inquiry.  *See id*.

The amount-in-controversy turns on "the pecuniary result to either party which a judgment would produce."  *Sherman v. Litton Loan Serv., LP*, 2011 WL 6203256, at *3 (E.D. Va. Dec. 13, 2011) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002).  Where the plaintiff seeks declaratory judgment, the amount in controversy is the "value of the object of the litigation," *see Francis v. Allstate Ins. Co.*, 869 F. Supp. 2d 663, 668 (D. Md. 2012) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  So here, if the cost to the defendant of complying with such declaratory relief exceeds $75,000, then diversity jurisdiction is proper.  *Id.*

The Complaint asks this Court to declare that the 2018 loan modification agreement is null and void.  And as Newrez rightly contends, the amount-in-controversy would be the difference between the total proceeds owed to it under the 2018 loan modification agreement less the proceeds owed under the preexisting loan agreement.  ECF No. 12 at 7.  *See Sherman*, 2011 WL 6203256, at *3 (value that defendant would lose is the difference between the outstanding amount due under the modified loan schedule and the original loan schedule).  Under the preexisting agreement, Perry is obligated for 360 outstanding monthly payments of $1,065.23 for a total value of $383,482.80 owed to Newrez.  ECF No. 12 at 6.  Whereas under the 2018 loan

3

modification agreement, Perry owes 360 payments of $1,364.22 for a total of $491,119.20. *Id*. at 7. Accordingly, the cost to Newrez if it were bound to the preexisting agreement is $107,636.40 ($491,119.20 - $383,482.80). Because this amount well exceeds the $75,000 threshold, the Court retains diversity jurisdiction.

The Court next turns to Perry's motions. Even though the case is in its infancy, Perry asks for summary judgment to be granted in her favor as to her requested declaratory relief. ECF No. 11 ¶¶ 5–7. Summary judgment is proper where the Court, construing all evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, finds no genuine dispute exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig.*, 637 F.3d 508, 512 (4th Cir. 2011). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)) (alteration in original). Genuine disputes of material fact are not created "through mere speculation or the building of one inference upon another." *Othentec Ltd. v. Phelan*, 526 F.3d 135, 140 (4th Cir. 2008) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

When discovery has not yet occurred, the non-movant may submit an affidavit under Rule 56(d) to demonstrate "specified reasons" that it cannot "present facts essential to justify his opposition," absent formal discovery. Fed. R. Civ. P. 56(d). The purpose of this affidavit is to

ascertain what additional discovery is needed for the non-movant to challenge adequately a summary judgment motion. *See id.* The "non-movant must provide 'a reasonable basis to suggest that [the requested] discovery would reveal triable issues of fact.'" *Agelli v. Sebelius,* No. DKC 13-497, 2014 WL 347630, at *9 (D. Md. Jan. 30, 2014) (quoting *McWay v. LaHood,* 269 F.R.D. 35, 38 (D.D.C. 2010)).

Newrez has submitted a sufficiently detailed Rule 56(d) affidavit to defeat the summary judgment motion. *See* ECF No. 13-1. Newrez, through counsel, attests that discovery is necessary to ascertain whether Perry made any payments under the 2018 loan modification agreement, the specific terms of the agreement, and her basis for asserting that her signature on the agreement was forged. *Id.* Clearly, the outstanding discovery is vital to Newrez' defense against the claims, and so the Court will deny Perry's summary judgment motion as premature. *See McCray v. Md. Dep't. of Transp. Admin.*, 741 F.3d 480, 483–84 (4th Cir. 2014). Likewise, because the Rule 56(d) affidavit is properly before the Court, Perry's motion to strike the affidavit is denied.[2]

Accordingly, it is this 25th day of October, 2024, the United States District Court for the District of Maryland, hereby ORDERS that the motions to remand, for summary judgment, and to strike an affidavit, ECF Nos. 6, 11, & 16, filed by Plaintiff Patricia Perry be DENIED, and the motion to withdraw the motion to remand, ECF No. 18, be DENIED as moot. The Clerk is directed to The CLERK is DIRECTED transmit a copy of the Memorandum Order to Defendant and MAIL a copy of the same to Perry.

| | |
|---|---|
| 10/25/2024 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[2] Federal Rule of Civil Procedure 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Rule 56(d) affidavit meets none of these criteria.